**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Guy Andrew WILLIAMS, Defendant–Appellant.**

**United States of America, Plaintiff–Appellee,**

v.

**Brent F. Williams, Defendant–Appellant.**

**Nos. 13–10523, 13–10529.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 11, 2015.

Filed Aug. 24, 2015.

Kevin Michael Rapp, Esquire, Assistant U.S., Dominic Lanza, Assistant U.S., Peter Scott Sexton, Assistant U.S., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Stephen M. Dichter, Esquire, Christian Dichter & Sluga, PC, Phoenix, AZ, for Defendant–Appellant.

Before: KOZINSKI and TALLMAN, Circuit Judges, and PIERSOL,[*] Senior District Judge.

MEMORANDUM [**]

Guy Williams and his father Brent Williams (collectively "Defendants") appeal their jury convictions for conspiracy to

---

[*] The Honorable Lawrence L. Piersol, Senior District Judge for the U.S. District Court for the District of South Dakota, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

commit mail fraud and/or wire fraud, two counts of mail fraud, thirteen counts of wire fraud, and twenty-two counts of transactional money laundering. *See* 18 U.S.C. §§ 1349, 1341, 1343, 1957(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Under our caselaw interpreting the intent element of mail fraud, the district court did not abuse its discretion by excluding evidence of post-conspiracy collection efforts of Mathon Fund's defaulted loans (or evidence that the Defendants personally attempted to collect on any defaulted loans at no cost to their victims). *See United States v. Benny*, 786 F.2d 1410, 1417 (9th Cir.1986) ("While an honest, good-faith belief in the truth of the misrepresentations may negate intent to defraud, a good-faith belief that the victim will be repaid and will sustain no loss is no defense at all."); *see also United States v. Treadwell*, 593 F.3d 990, 995–99 (9th Cir. 2010). Because the district court's evidentiary ruling was well within its discretion, "we reject [Defendants'] attempts to 'constitutionalize' [their] claims.... Simply put, [Defendants] cannot transform the exclusion of this evidence into constitutional error by arguing that [they were] deprived of [their] right to present a defense." *United States v. Waters*, 627 F.3d 345, 353–54 (9th Cir.2010) (internal quotation marks omitted).

2. The record before us is insufficient to reach the merits of Defendants' ineffective assistance of counsel claim. *See United States v. Rahman*, 642 F.3d 1257, 1259–60 (9th Cir.2011). To the extent Defendants may have a colorable claim for ineffective assistance of counsel, they may pursue it in a petition for habeas corpus.

**AFFIRMED.**